[Cite as *Easley v. Dept. of Rehab. & Corr.*, 2017-Ohio-2700.]

| | |
|---|---|
| DAVE EASLEY | Case No. 2016-00530 |
| Plaintiff | Judge Patrick M. McGrath |
| | Magistrate Gary Peterson |
| v. | |
| | ENTRY GRANTING DEFENDANT'S |
| DEPARTMENT OF REHABILITATION AND CORRECTION | MOTION FOR SUMMARY JUDGMENT |
| Defendant | |

**{¶1}** On February 16, 2017, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶2}** Civ.R. 56(C) states, in part, as follows:

**{¶3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶4}** According to the complaint, plaintiff is an inmate in the custody and control of defendant. The complaint provides that plaintiff filed several lawsuits regarding his

interaction with defendant's employees.  Plaintiff states that on July 1, 2016, Captain Clark sent Corrections Officers (CO) Dotson and Dofflemyer [1] to search for a cellphone in his cell.  Plaintiff appears to allege that the search occurred in retaliation for filing several lawsuits and that during the search of plaintiff's person, CO Dotson grabbed his buttocks and inserted his finger into plaintiff's rectum.  Plaintiff states that a CO then slammed his head into the wall and then escorted him to an area out of view of a security camera where the COs continued to beat him.  Plaintiff alleges that he was thereafter placed in solitary confinement where he requested a Prison Rape Elimination Act (PREA) investigation, but that such an investigation was not commenced.  Plaintiff states that his action is for assault, battery, and negligence.

{¶5} Defendant argues that plaintiff's allegations are false.  Defendant asserts that there was no assault, battery, or excessive use of force.  In support of its motion, defendant submitted the affidavits of Mike Dotson, Darrold Clark, Robert Dofflemyer, and Melvin Smith.

{¶6} CO Dotson avers in his affidavit that on July 1, 2016, he heard a sound like a cell phone ring coming from the middle of the range, an area that included plaintiff's cell.  After receiving permission to search the cells in that area, CO Dotson ordered the inmates out of their cells.  Once out of his cell, CO Dotson performed a patdown of plaintiff prior to taking him to the shower to be strip searched.  CO Dotson provides that "[a]t no time during my patdown of [plaintiff] did I put my finger in his rectum, put my hand in his butt crack, grab his buttocks, or otherwise touch him inappropriately.  I also did not slam his head/face against the wall."  Affidavit at ¶ 9.  CO Dotson adds that during the patdown, plaintiff attempted to spin away from the wall and that he put his hand on plaintiff's back to force him back on the wall; plaintiff was subsequently placed in handcuffs.  During the search of plaintiff's cell, COs discovered white pills hidden in his mattress.  As a result, plaintiff was ordered to go to the mini-infirmary for drug

---

[1]Plaintiff's complaint lists Duffelmeyer rather than Dofflemyer.

testing; however, plaintiff refused direct orders to proceed to the mini-infirmary. CO Dotson provides that as a result plaintiff was escorted to J2 block for security control. CO Dotson avers that no one threatened to assault plaintiff nor did anyone assault plaintiff.

{¶7} Captain Clark avers in his affidavit that on July 1, 2016, he authorized CO Dotson to perform a shakedown of cells, including plaintiff's cell. Clark states that he was thereafter called to go to J2 due to allegations plaintiff made regarding PREA violations. Clark provides that he subsequently contacted the PREA victim support person and the PREA coordinator. Clark denies ordering any CO to search plaintiff's cell in retaliation for lawsuits being filed.

{¶8} CO Dofflemyer avers in his affidavit that on July 1, 2016, he assisted CO Dotson in searching inmates and their cells for contraband. CO Dofflemyer states that while escorting inmates to the showers for a strip search, he observed CO Dotson struggling with plaintiff. CO Dofflemyer proceeded to assist CO Dotson in placing handcuffs on plaintiff. CO Dofflemyer states that because they found unidentified pills in plaintiff's mattress, plaintiff was ordered to proceed to the mini-infirmary to be drug tested; however, plaintiff refused orders to proceed directly to the mini-infirmary. CO Dofflemyer states that he then used an escort technique to return plaintiff to the mini-infirmary, but it was subsequently decided that plaintiff should proceed to J2 instead. CO Dofflemyer avers that at no time did anyone assault plaintiff, threaten to assault plaintiff, punch him in the face, or pull his pants down.

{¶9} Lieutenant Smith avers in his affidavit that he was called to assist in shaking down cells in K8. Smith states that when he arrived, plaintiff was sitting at the table with his hands cuffed. Smith provides that after he was informed of the unidentified pills, he decided that plaintiff needed to be tested for drugs. Smith reports that plaintiff disobeyed orders to go to the mini-infirmary and instead proceeded to the K7 bullpen. Smith states that after plaintiff was escorted back to the mini-infirmary, he decided to

escort plaintiff to security control due to threating comments plaintiff made toward COs. Smith avers that no one punched plaintiff in the face, pulled his pants down, assaulted him, or threatened to assault him.

{¶10} "To prove assault under Ohio law, plaintiff must show that the defendant willfully threatened or attempted to harm or touch the plaintiff offensively in a manner that reasonably placed the plaintiff in fear of the contact. To prove battery, the plaintiff must prove that the intentional contact by the defendant was harmful or offensive. Ohio courts have held that, in a civil action for assault and battery, the defendant has the burden of proving a defense of justification, such as the exercise of lawful authority." (Citations omitted.) *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-12, 2012-Ohio-3382, ¶ 11; *see also Brown v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13 ("A defendant may defeat a battery claim by establishing a privilege or justification defense.").

{¶11} "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10. "Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788, ¶ 5. "The inmate also bears a responsibility 'to use reasonable care to ensure his own safety.'" *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 20, quoting *Macklin v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 01AP-293, 2002-Ohio-5069, ¶ 21.

{¶12} "The use of force is sometimes necessary to control inmates." *Jodrey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-477, 2013-Ohio-289, ¶ 17. "Correctional officers considering the use of force must evaluate the need to use force

based on the circumstances as known and perceived at the time it is considered." *Brown* at ¶ 15, citing Ohio Adm.Code 5120-9-01(C). "[T]he precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Ensman* at ¶ 23. "In Ohio Adm.Code 5120-9-01, the Ohio Administrative Code sets forth the circumstances under which correctional officers are authorized to use force against an inmate." *Id.* at ¶ 6.

{¶13} Ohio Adm.Code 5120-9-01 provides, in pertinent part:

{¶14} "(C) Guidelines regarding the use of force. * * *

{¶15} "* * *

{¶16} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶17} "(a) Self-defense from physical attack or threat of physical harm.

{¶18} "(b) Defense of another from physical attack or threat of physical attack.

{¶19} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders.

{¶20} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance.

{¶21} "(e) Prevention of an escape or apprehension of an escapee; or

{¶22} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶23} "Pursuant to Ohio Adm.Code 5120-9-01(C)(1)(a), correctional officers 'may use force only to the extent deemed necessary to control the situation.' Additionally, correctional officers 'should attempt to use only the amount of force reasonably necessary under the circumstances to control the situation and shall attempt to minimize physical injury.' Ohio Adm.Code 5120-9-01(C)(1)(b)." *Brown* at ¶ 16. Also pertinent is Ohio Adm.Code 5120-9-01(B)(3), which defines "excessive force" as "an

application of force which, either by the type of force employed, or the extent to which such force is employed, exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident."

{¶24} As stated previously, plaintiff failed to respond to defendant's motion and failed to offer any evidence to contradict that put forth by defendant. Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶25} Upon review of the undisputed affidavit testimony put forth by defendant, the court can only conclude defendant's employees used only the force necessary to control plaintiff. There is nothing to contradict the testimony put forth by defendant that plaintiff disobeyed direct orders and that no excessive force was used. Furthermore, there is no dispute that plaintiff was not otherwise inappropriately touched as alleged in the complaint.

{¶26} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Dave Easley, #306-400
P.O. Box 45699
Lucasville, Ohio 45699

Jeanna V. Jacobus
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed April 13, 2017**
**Sent to S.C. Reporter 5/5/17**